UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| QUENTIN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01914-RLY-TAB |
| | ) | |
| LANCE SANDERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REGARDING PLAINTIFF'S PROPOSED AMENDED COMPLAINT**

This matter once again finds itself before the Court regarding Plaintiff's somewhat tortured attempt to amend his complaint. By way of background, Plaintiff filed this action on September 28, 2022, which prompted Defendants to file a motion to dismiss. In response, Plaintiff filed a motion for leave to file an amended complaint. [Filing No. 10]. The Court addressed Plaintiff's motion to amend at a January 9, 2023, initial pretrial conference and denied that motion as lacking in good cause. [Filing No. 13.] However, that was far from the only problem with Plaintiff's proposed complaint.

As set forth in the Court's order following the January 9 conference, the complaint contained allegations of excessive force and unreasonable search and seizure, but only asserted a claim for malicious prosecution. In addition, the complaint contained numerous Defendants that would not be appropriate to the extent Plaintiff was only asserting a malicious prosecution case (which is what Plaintiff's counsel represented to the Court at the January 9 conference). [Filing No. 13, at ECF p. 1.] Moreover, Plaintiff's proposed amended complaint named 15 "John Doe" Defendants, which served no purpose. *See, e.g., Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of

placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." (Internal citations omitted)). *See also Thurman v. Hendrix*, No. 2:22-cv-00262-JPH-MG, 2022 WL 17552156, at *3 (S.D. Ind. Dec. 8, 2022) (dismissing claims against defendant John Doe for failure to state a claim upon which relief may be granted). As a result, the Court denied Plaintiff's motion to amend, but gave Plaintiff until January 23, 2023, to either dismiss this action or file an amended complaint addressing these issues. [Filing No. 13, at ECF p. 1.]

The January 23 deadline passed without Plaintiff filing anything. Then on January 31, 2023, Plaintiff belatedly—and without requesting leave to do so—filed an amended complaint. [Filing No. 14.] The Court struck that amended complaint as untimely. [Filing No. 15.] Nevertheless, the Court gave Plaintiff until February 27, 2023, to file an amended complaint "that complies with the Court's January 9 order." [Filing No. 15.] The Court also warned Plaintiff that failure to comply with this order "may result in dismissal of this action." [*Id.*]

After requesting and receiving an extension of time, Plaintiff filed the most recent amended complaint that is now before the Court. [Filing No. 18.] A review of that complaint reveals that it contravenes this Court's January 9 order in several ways. First, it adds "John Does 1-15" back into the caption, which were deleted in the last iteration of Plaintiff's complaint. [Filing No. 14.] Second, the allegations in the complaint reference only Defendants Lance Sanders (who allegedly arrested Plaintiff) and the Terre Haute Police Department, yet the caption names as Defendants Terre Haute Police Officers Shawn Keen, Justin Sears, Alan James, and Hugh Amlett. Finally, the complaint continues to assert allegations of an illegal search, even though Plaintiff has indicated that he is pursuing only a malicious prosecution claim.

2

Accordingly, by March 27, 2023: (1) Plaintiff shall show cause why all Defendants except Sanders and the Terre Haute Police Department should not be dismissed from this case; and (2) Plaintiff shall clarify why the complaint includes allegations of an illegal search if in fact Plaintiff is only pursuing a claim for malicious prosecution.

Date: 3/13/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email